724 A.2d 793

JAMES TAYLOR, BY HIS G/A/L CHRISTINE WEISS TAYLOR, AND CHRISTINE WEISS TAYLOR, (HIS MOTHER), INDIVIDUALLY AND SHERMAN TAYLOR, (HIS FATHER) INDIVIDUALLY, PLAINTIFFS–APPELLANTS, v. FRANCES CUTLER AND NORMAN P. CUTLER, DEFENDANTS–RESPONDENTS, AND JOHN DOE AND ABC CORP. (SAID NAMES BEING FICTITIOUS), DEFENDANTS.

Argued December 1, 1998—Decided March 2, 1999.

*Katherine G. Houghton* argued the cause for appellants.

*Karen M. Cassidy* argued the cause for respondents (*Connell, Foley & Geiser,* attorneys; *Ms. Cassidy, Lisa M. Fontoura* and *Kathleen Huntley–Robertson,* on the briefs).

PER CURIAM.

This matter has come before the Court both as an appeal as of right based on a partial concurring and dissenting opinion in the Appellate Division, *R.* 2:2–1(a)(2), and on a grant of certification in respect of an issue that was resolved unanimously. 153 *N.J.* 52, 707 *A.*2d 155 (1998). Insofar as the judgment below addresses preconception torts in the context of ordinary negligence, it is affirmed substantially for the reasons expressed in the majority opinion reported at 306 *N.J.Super.* 37, 703 *A.*2d 294 (1997). The Court expresses no opinion on that part of the majority opinion that discusses preconception torts in special circumstances of foreseeability involving medical malpractice and strict liability claims.

The Order on certification is vacated as having been improvidently granted.

*For affirmance in part; vacate in part*—Chief Justice PORITZ and Justices HANDLER, POLLOCK, O'HERN, GARIBALDI, STEIN, and COLEMAN—7.

*Opposed*—None.